Schuyler G. Carroll (SC-1234)
Jeffrey D. Vanacore (JV-2000)
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorney for Roy Babitt, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                    Chapter 7

GOLDRINA ROBERTS,                                         Case No. 04-11507 (REG)

                             Debtor.
---------------------------------------------------------x
ROY BABITT, CHAPTER 7 TRUSTEE OF
THE ESTATE OF GOLDRINA ROBERTS,

                            Plaintiff,

          v.                                                         Adv. Pro. No. 07-_____

GOLDRINA ROBERTS and MITCHELL D.
KESSLER,

                           Defendants.
---------------------------------------------------------x

## **COMPLAINT**

Roy Babitt, Chapter 7 Trustee (the "Trustee") of the Estate of Goldrina Roberts (the "Debtor"), by his attorney, Arent Fox LLP, states upon information and belief:

### **NATURE OF THE ACTION**

1.    The Debtor and Mitchell D. Kessler ("Kessler" and together with the Debtor, the "Defendants") each have improperly received and continue to hold property of the Estate. The Trustee seeks an order from this Court compelling the turnover of all Estate property held by the Defendants pursuant to Sections 542, 544, 549 and 727 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Section 273 of the New York Debtor and Creditor Law (the "DCL") and awarding damages for Negligence, Conversion and Breach of Fiduciary Duty.

NYC/337473.3

2. The Trustee seeks the return of $33,770.00 plus interest and attorney's fees. Unless the Defendants return the Estate's property, it is unlikely creditors will receive a distribution.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction over the complaint pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges for the Southern District of New York, dated July 10, 1984 (Ward, acting C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). The venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## **THE PARTIES**

4. On March 22, 2004, Roy Babitt was appointed Chapter 7 Trustee and is acting in that capacity.

5. Goldrina Roberts is the Debtor.

6. Mitchell D. Kessler is the Debtor's special litigation counsel. Mr. Kessler was retained pursuant to this Court's order entered on May 3, 2005 (the "Retention Order").

## **BACKGROUND**

7. The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York on March 8, 2004 (the "Petition Date").

8. Prior to filing this case, the Debtor commenced a personal injury action pending in the Supreme Court of New York (the "PI Case"). The Debtor retained Kessler's law firm to represent her in the PI Case.

9. Upon learning of the PI Case, the Trustee filed an application for the appointment of Kessler as special litigation counsel to the Estate (the "Retention Application").

Prior to filing the retention application, the Trustee investigated certain basic information concerning Kessler. Among other things, the Trustee confirmed that Kessler had experience in bankruptcy litigation matters. Based on the Trustee's investigation and Kessler's representations, the Trustee became comfortable with Kessler and agreed to engage his services on behalf of the Estate.

10. In conjunction with his Retention Application, Kessler submitted a sworn affidavit to the Court. In the affidavit, Kessler represented among other things, that his firm had significant experience in handling bankruptcy litigation matters. **Exhibit A, ¶ 3.**

11. Subsequent to Kessler's retention he settled the PI Case and received a $33,770.00 payment from the defendant.

12. On July 22, 2004, a discharge order and final decree (the "Discharge Order") was mistakenly entered in this case and served on the Debtor.

13. On August 12, 2004, the Court corrected the error and entered an order vacating the Discharge Order (the "Order Vacating the Discharge") which was also served on the Debtor.

14. Upon information and belief, on September 21, 2005, the Debtor presented the Discharge Order to Kessler and demanded her portion of the payment Kessler received from the defendant in the PI Case. Although she was served with both the Discharge Order and the Order Vacating the Discharge more than a year before demanding payment, the Debtor failed to show Kessler the Order Vacating the Discharge.

15. Without contacting or notifying this Court or the Trustee to verify the status of the bankruptcy case, Kessler paid the Debtor $22,500.00 ("Payment 1"), and kept $11,270.00 ("Payment 2" and together with Payment 1, the "Payments") as compensation for his services. **Exhibit B.**

16. Both of the Defendants have refused to return the Payments to the Trustee.

17. Pursuant to the Retention Order, Kessler was required to apply to this Court for compensation. More than two years after his retention in this case, Kessler has failed to file a fee application in violation of the Retention Order, Section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-2, yet he has received full payment for his legal services.

**FIRST CLAIM FOR RELIEF**
(violation of 11 U.S.C. § 542 against all Defendants)

18. The Trustee repeats and realleges the allegations contained above as if fully set forth herein.

19. The Payments constitute property of the Estate under Section 541 of the Bankruptcy Code.

20. The Defendants are in possession of the Payments.

21. Accordingly, the Court should enter judgment in favor of the Trustee declaring that the Payments are property of the Estate and ordering the Defendants to turn over the Payments pursuant to Section 542 of the Bankruptcy Code.

**SECOND CLAIM FOR RELIEF**
(violation of 11 U.S.C. § 549 against all Defendants)

22. The Trustee repeats and realleges the allegations contained above as if fully set forth herein.

23. The transfer of the Payments occurred after the Petition Date.

24. The transfer of the Payments was not authorized by this Court, the Trustee or the Bankruptcy Code.

25. Accordingly, the Court should enter judgment ordering the Defendants to return the Payments to the Estate pursuant to Section 549 of the Bankruptcy Code.

## THIRD CLAIM FOR RELIEF
(Conversion against all Defendants)

26. The Trustee repeats and realleges the allegations contained above as if fully set forth herein.

27. The Defendants unlawfully posses the Payments.

28. The Payments are property of the Estate.

29. Defendants have refused to return the Payments to the Estate.

30. Accordingly, the Court should enter judgment finding that the Defendants' actions constitute conversion under New York law and ordering the Defendants to pay damages in the amount of $33,770.00 plus interests and attorney's fees to the Estate.

## FOURTH CLAIM FOR RELIEF
(violation of 11 U.S.C. § 727(d) against the Debtor)

31. The Trustee repeats and realleges the allegations contained above as if fully set forth herein.

32. The Debtor improperly acquired Payment 1, which is property of the Estate.

33. The Debtor refuses to return Payment 1 to the Trustee.

34. Accordingly, pursuant to Section 727(d) of the Bankruptcy Code, any discharge sought by the Debtor should be denied until she surrenders Payment 1.

## FIFTH CLAIM FOR RELIEF
(violation of § 273 of the DCL against Defendant, Kessler)

35. The Trustee repeats and realleges the allegations contained above as if fully set forth herein.

36. The Debtor transferred Payment 2 to Kessler in violation of Section 273 of the DCL.

37. The Debtor was insolvent at the time of the transfer of Payment 2 to Kessler.

38. The Debtor did not receive fair consideration for the transfer of Payment 2 to Kessler.

39. Accordingly, the Court should enter judgment ordering Kessler to return Payment 2 to the Estate pursuant to Section 273 of the DCL.

**SIXTH CLAIM FOR RELIEF**
(Negligence against Defendant, Kessler)

40. The Trustee repeats and realleges the allegations contained above as if fully set forth herein.

41. Kessler owed a general duty of care to the Estate.

42. Kessler breached his duty to the Estate.

43. Kessler's breach proximately caused injury to the Estate.

44. Accordingly, the Court should enter judgment finding that Kessler was negligent under New York law and ordering Kessler to pay damages in the amount of $33,770.00 plus interests to the Estate.

**SEVENTH CLAIM FOR RELIEF**
(Breach of fiduciary duty against Defendant, Kessler)

45. The Trustee repeats and realleges the allegations contained above as if fully set forth herein.

46. Kessler owed fiduciary duties to the Estate.

47. Kessler breached his fiduciary duties.

48. Kessler's breach caused damages to the Estate.

49. Accordingly, the Court should enter judgment finding that Kessler breached his fiduciary duties under New York law and ordering Kessler to pay damages in the amount of $33,770.00 plus interests to the Estate.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests entry of judgment for the Trustee and against the Defendants, as follows:

  (a)  granting the First through Seventh Claims for Relief and ordering the Defendants to return $33,770.00 to the Estate;

  (b)  granting attorney fees, interests and costs; and

  (c)  granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
    November 29, 2007

              ARENT FOX LLC
              Attorney for Roy Babitt, Chapter 7 Trustee

            By: */s/ Jeffrey D. Vanacore*
                Schuyler G. Carroll (SC-1234)
                Jeffrey D. Vanacore (JV-2000)
                1675 Broadway
                New York, New York 10019
                (212) 484-3900