DUFFY & ATKINS, LLP
*Attorneys for Defendant Mitchell D. Kessler*
Seven Penn Plaza, Suite 420
New York, New York 10001
Telephone: (212) 268-2685
Facsimile: (212) 500-7972
Todd E. Duffy (TD 9863)
James E. Atkins (JA 4922)
Dennis J. Nolan (DN 0853)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:

GOLDRINA ROBERTS,

Debtor.

Chapter 7

Case No. 04-11507 (REG)

------------------------------------------------------------x

ROY BABITT, CHAPTER 7 TRUSTEE OF
THE ESTATE OF GOLDRINA ROBERTS,

               Plaintiff,

v.

GOLDRINA ROBERTS and MITCHELL D.
KESSLER,

Defendants.

Adversary No. 07-03127 (REG)

------------------------------------------------------------x

## ANSWER TO COMPLAINT

Mitchell D. Kessler (the "Defendant"), one of the defendants in the above-captioned proceedings, by and through his attorneys Duffy & Atkins LLP, as and for his Answer to the Complaint of Roy Babitt, Chapter 7 Trustee of the Estate of Goldrina Roberts (the "Trustee"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. The Defendant declines to respond to the allegations in paragraph 1 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 1.

2. The Defendant declines to respond to the allegations in paragraph 2 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 2.

## JURISDICTION AND VENUE

3. The Defendant admits the allegations in paragraph 3.

## THE PARTIES

4. The Defendant admits the allegations in paragraph 4.

5. The Defendant admits the allegations in paragraph 5.

6. The Defendant admits that the Court entered on Order on May 3, 2005 authorizing the Defendant's retention as special litigation counsel for the Debtor, however, the Defendant was not aware that the Court entered the Order until on or about June 1, 2007.

## BACKGROUND

7. The Defendant admits the allegations in paragraph 7.

8. The Defendant admits the allegations in paragraph 8.

9. The Defendant admits that the Trustee filed an application for the appointment of Kessler as special litigation counsel to the Estate (the "Retention Application"). The Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10. The Defendant admits that The Trustee submitted a sworn affidavit on the Defendant's behalf in conjunction with the Retention Application. The Defendant otherwise denies the allegations in paragraph 10.

11. The Defendant admits the allegations in paragraph 11.

12. The Defendant denies the allegations in paragraph 12.

13. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. The Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegation that the Debtor was served with both the Discharge Order and the Order Vacating the Discharge more than a year before demanding payment, and otherwise admits the remaining allegations in paragraph 14.

15. The Defendant admits the allegations in paragraph 15.

16. The Defendant admits the allegations in paragraph 16.

17. The Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17. The Defendant believed he was not required to submit the fee application because he believed the bankruptcy had been discharged.

## FIRST CLAIM FOR RELIEF
(violation of 11 U.S.C. § 542 against all Defendants)

18. The Defendant repeats and alleges the Answers contained above as if fully set forth herein.

19. The Defendant declines to respond to the allegations in paragraph 19 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 19.

3

20.     The Defendant declines to respond to the allegations in paragraph 20 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 20.

21.     The Defendant declines to respond to the allegations in paragraph 21 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 21.

**SECOND CLAIM FOR RELIEF**
(violation of 11 U.S.C. § 549 against all Defendants)

22.     The Defendant repeats and alleges the Answers contained above as if fully set forth herein.

23.     The Defendant declines to respond to the allegations in paragraph 23 on the ground that the allegations, even if true, are barred by the applicable Statute of Limitations. To the extent an Answer is required, the Defendant admits the allegations in paragraph 23.

24.     The Defendant declines to respond to the allegations in paragraph 24 on the ground that the allegations, even if true, are barred by the applicable Statute of Limitations. To the extent an Answer is required, the Defendant denies the allegations in paragraph 24.

25.     The Defendant declines to respond to the allegations in paragraph 25 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 25.

## THIRD CLAIM FOR RELIEF
(Conversion against all Defendants)

26. The Defendant repeats and alleges the Answers contained above as if fully set forth herein.

27. The Defendant declines to respond to the allegations in paragraph 27 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 27.

28. The Defendant declines to respond to the allegations in paragraph 28 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 28.

29. The Defendant declines to respond to the allegations in paragraph 29 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 29.

30. The Defendant declines to respond to the allegations in paragraph 30 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 30.

## FOURTH CLAIM FOR RELIEF
(violation of 11 U.S.C. § 727(d) against the Debtor)

31. The Defendant repeats and alleges the Answers contained above as if fully set forth herein.

32. The allegations in paragraph 32 are not directed at the Defendant and no response is required.

33. The allegations in paragraph 33 are not directed at the Defendant and no response is required.

34. The allegations in paragraph 34 are not directed at the Defendant and no response is required.

## FIFTH CLAIM FOR RELIEF
(violation of § 273 of the DCL against Defendant, Kessler)

35. The Defendant repeats and alleges the Answers contained above as if fully set forth herein.

36. The Defendant declines to respond to the allegations in paragraph 36 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 36.

37. The Defendant declines to respond to the allegations in paragraph 37 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. The Defendant declines to respond to the allegations in paragraph 38 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 38.

39. The Defendant declines to respond to the allegations in paragraph 39 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 39.

## SIXTH CLAIM FOR RELIEF
(Negligence against Defendant, Kessler)

40. The Defendant repeats and alleges the Answers contained above as if fully set forth herein.

41. The Defendant declines to respond to the allegations in paragraph 41 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 41.

42. The Defendant declines to respond to the allegations in paragraph 42 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 42.

43. The Defendant declines to respond to the allegations in paragraph 43 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 43.

44. The Defendant declines to respond to the allegations in paragraph 44 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 44.

**SEVENTH CLAIM FOR RELIEF**
(Breach of fiduciary duty against Defendant, Kessler)

45. The Defendant repeats and alleges the Answers contained above as if fully set forth herein.

46. The Defendant declines to respond to the allegations in paragraph 46 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 46.

47. The Defendant declines to respond to the allegations in paragraph 47 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 47.

48. The Defendant declines to respond to the allegations in paragraph 48 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 48.

49. The Defendant declines to respond to the allegations in paragraph 49 on the ground that they constitute legal conclusions to which no response is required. To the extent an Answer is required, the Defendant denies the allegations in paragraph 49.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

50. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

51. One or more of the causes of action is barred by the applicable statute of limitations.

### Third Affirmative Defense

52. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

### Fourth Affirmative Defense

53. The Plaintiff violated the Defendant's Due Process Rights.

54. The Defendant reserves the right to raise other affirmative defenses that may subsequently become or appear applicable to some or all of Plaintiff's claims.

## CONCLUSION

**WHEREFORE**, the Defendant respectfully requests that the Court:

(a)   deny all relief requested by the Complaint;

(b)   award costs and attorneys fees for the defense of the instant adversary proceeding to Defendant; and

(c)   grant such other relief as the Court deems just and proper.

Dated: January 9, 2008

Respectfully Submitted,

DUFFY & ATKINS LLP

By:   /s/ Todd E. Duffy
      Todd E. Duffy (TD-9863)
      James E. Atkins (JA-4922)
      Dennis J. Nolan (DN-0853)
      Seven Penn Plaza, Suite 420
      New York, New York 10001
      Telephone: (212) 268-2685
      Facsimile: (212) 500-7972
      *Attorneys for the Defendant Mitchell D. Kessler*